**United States District Court**

For the Northern District of California

1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    UNITES STATES OF AMERICA,

10               Plaintiff, and Respondent          No.  CR-04-267 JSW
                                                    (Re  C 05-04349 JSW)
11        v.

12   JESUS ALBERTO SANCHEZ-LUGO,
                                                    **ORDER DENYING**
13               Defendant, and Movant.             **DEFENDANT'S MOTION TO**
                                                    **VACATE**
14

15        Before this Court is movant Jesus Alberto Sanchez-Lugo's ("Sanchez-Lugo") motion for

16   an order under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  Having reviewed

17   the parties' papers, the record, and having carefully considered their arguments and the relevant

18   legal authorities, the Court HEREBY DENIES the motion.

19                              **BACKGROUND**

20        On October 28, 2004, Sanchez-Lugo pleaded guilty to one count of Illegal Reentry

21   Following Deportation in violation of 18 U.S.C. § 1326.  In its Presentence Report, the

22   Probation Office calculated Sanchez-Lugo's sentence under the United States Sentencing

23   Guidelines.  The total offense level was 21 and the Criminal History Category was IV, providing

24   for a term of imprisonment ranging between 57 and 71 months.  Due to Sanchez-Lugo's prior

25   conviction on January 12, 1999 of a violation of California Penal Code § 261.5(d) for unlawful

26   sexual intercourse with a person under sixteen, the Probation Office applied a sixteen-point

27   enhancement to the base offense level.

28        On January 31, 2005, Sanchez-Lugo filed his Sentencing Statement in which he agreed

United States District Court

For the Northern District of California

1    with the conclusions contained in the Presentence Report and asked this Court to accept the plea

2    agreement.  On February 4, 2005, this Court accepted the plea agreement.  On March 1, 2005,

3    this Court sentenced Sanchez-Lugo to 57 months imprisonment.

4                                          **ISSUES**

5         Sanchez-Lugo argues that his counsel was ineffective for (1) failing to challenge the

6    sixteen-point enhancement in the calculation of his offense level under the United States

7    Sentencing Guidelines; (2) for failing to argue that the number of points in his criminal history

8    category significantly over-represented his actual criminal history; and (3) for failing to argue

9    for a reduced sentence considering the factors set forth in 18 U.S.C. § 3553(a).

10                                        **ANALYSIS**

11   **I.      Sanchez-Lugo Has Not Demonstrated Ineffective Assistance of Counsel.**

12        Sanchez-Lugo claims that he received ineffective assistance of counsel during

13   sentencing.  The Sixth Amendment right to counsel guarantees effective assistance of counsel.

14   *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To prevail on an ineffective assistance of

15   counsel claim, a defendant must satisfy two tests.  First, he must establish that counsel's

16   representation fell below an objective standard of reasonableness.  *Id.* at 688.  Second, he must

17   show he was prejudiced by counsel's errors.  *Id*. at 694.  There must be a reasonable probability

18   that but for counsel's unprofessional errors, the result of the proceeding would have been

19   different.  *Id*.  The court need not consider one component if there is an insufficient showing of

20   the other.  *Id*. at 697.  Here, even if Sanchez-Lugo's counsel had made the arguments Sanchez-

21   Lugo suggests, Sanchez-Lugo cannot show that the sentencing results would have been

22   different.

23         **A.      The Sixteen-Point Enhancement Was Appropriate Because Sanchez-Lugo's**
             **Prior Conviction for Sexual Intercourse with a Minor Under Sixteen Years**
24           **of Age Constitutes a Crime of Violence.**

25        Sanchez-Lugo contends that he received ineffective assistance of counsel because his

26   counsel failed to challenge the sixteen-point enhancement in the calculation of his offense level.

27   In particular, Sanchez-Lugo argues that the sixteen-point enhancement was not warranted

28   because his prior offense for engaging in unlawful sexual intercourse with a minor does not

2

**United States District Court**

For the Northern District of California

1    require the use of force and thereby does not constitute a "crime of violence" under the

2    Sentencing Guidelines.  As will be set forth in the remainder of this Order, this argument is

3    without merit because Sanchez-Lugo's prior conviction falls within offenses enumerated within

4    the Guidelines as per se crimes of violence.

5        Although the Sentencing Guidelines are now advisory, "the district courts . . . must

6    consult those Guidelines and take them into account when sentencing." *United States. v.*

7    *Booker*, 125 S.Ct. 738, 767 (2005); *see also United States v. Cantrell*, 2006 WL 73483, at *6-7

8    (9th Cir. 2006).  The base offense level for unlawfully entering or remaining in the United States

9    is 8.  U.S. Sentencing Guidelines Manual § 2L1.2(a) (2004).  The Guidelines then provide for a

10   sixteen-point enhancement if the defendant has a prior conviction for a felony that is a crime of

11   violence.  *Id.* at § 2L1.2(b)(1)(A)(ii) (2004).  The Application Notes to § 2L1.2, as amended in

12   2003, define a crime of violence as any of the following:

13   > murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, *statutory*
     > *rape*, *sexual abuse of a minor*, robbery, arson, extortion, extortionate extension of
14   > credit, burglary of a dwelling, or any offense under federal, state, or local law that has
     > as an element the use, attempted use, or threatened use of physical force against the
15   > person of another.

16   *Id.* at § 2L1.2 cmt. n.1(B)(iii) (2004) (emphasis added).[1]

17       In determining whether a prior conviction is a qualifying offense for sentencing

18   enhancement purposes, a court must apply the categorical approach set forth in *Taylor v. United*

19   *States*, 495 U.S. 575 (1990).  *See also United States v. Lopez-Montanez*, 421 F.3d 926, 929 (9th

20   Cir. 2005).  Under *Taylor*, the court looks "only to the fact of conviction and the statutory

21   definition of the prior offense, not to the underlying facts." *Lopez-Montanez*, 421 F.3d at 929.

22   Here, Sanchez-Lugo was convicted of a violation of California Penal Code § 261.5(d), the

23   codification under California law of what was known as statutory rape. *People v. Scott*, 83 Cal.

24   App. 4th 784, 797 n.8, 799 (2000).  Penal Code § 261.5(d) provides that "[a]ny person who

25   engages in an act of unlawful sexual intercourse with a minor who is more than three years

26

27       [1] "Commentary to the Guidelines binds us in interpreting their provisions unless it
     violates the Constitution or a federal statute or is inconsistent with the Guidelines." *United*
28   *States v. Asberry*, 394 F.3d 712, 716 n.5 (9th Cir. 2005) (citing *Stinson v. United States*, 508
     U.S. 36, 38 (1993)).

younger than the perpetrator is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment in the state prison for two, three, or four years."[2]

The Ninth Circuit has not specifically addressed whether a violation of California Penal Code § 261.5(d) constitutes a "crime of violence" for purposes of § 2L1.2. However, that court has held that violations of statutes from other jurisdictions, which criminalize sexual intercourse with a minor, constitute "crimes of violence" for purposes of the Sentencing Guidelines because that court has determined that offenses involving sexual contact with a minor fall within the category of "sexual abuse of a minor." *United States v. Pereira-Salmeron*, 337 F.3d 1148, 1149-55 (9th Cir. 2003); *see also United States v. Asberry*, 394 F.3d 712, 715-16 (9th Cir. 2005) (using the list of crimes enumerated in § 2L1.2 to determine if statutory rape in violation of Oregon law constitutes a crime of violence under § 4B1.2); *United States v. Granbois*, 376 F.3d 993, 996 (9th Cir. 2004) (using the list of crimes enumerated in § 2L1.2 to determine if sexual contact with a minor in violation of federal law constitutes a crime of violence under § 4B1.2 and noting no indication that the term crime of violence was intended to have different meanings for those two provisions).

In *Pereira-Salmeron*, the court held that violation of a Virginia statute which criminalized "carnal knowledge" of a child between thirteen and fifteen years of age without the use of force was a "crime of violence" because § 2L1.2 of the then applicable Sentencing Guidelines specifically listed "sexual abuse of a minor" as a per se crime of violence. *Pereira-Salmeron*, 337 F.3d at 1149-55. At the time *Pereira-Salmeron* was decided, the Application Notes to § 2L1.2 read as follows:

> Crime of violence --
> (I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of force against the person of another; and
> (II) includes murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

---

[2] There is no dispute that Sanchez-Lugo's conviction was a felony.

United States District Court

For the Northern District of California

*Pereira-Salmeron*, 337 F.3d at 1151 (citing U.S. Sentencing Guidelines Manual § 2L1.2, cmt. n.1(B)(ii)(2002)).  The court held that any offense listed in subpart (II) of the Application Notes to § 2L1.2 is "inherently deemed to be a 'crime of violence' for purposes of this Guideline, whether or not the use, attempted use, or threatened use of force against the person of another . . . is an element of the given offense." *Id.*  The court in *Pereira-Salmeron* reasoned that "[i]f the list of crimes in subpart (II) was intended by the Commission to have any meaning at all, it must have been to highlight certain crimes as deserving treatment as per se crimes of violence." *Id.* at 1152.  "The drafters of the provision likely identified those crimes as inherently posing an implicit 'threatened use of force' . . . even though force, as such, is not an essential element for conviction of those offenses." *Id.*  Therefore, under *Pereira-Salmeron*, a crime that falls within the categories enumerated in § 2L1.2 constitutes a per se "crime of violence" under the Sentencing Guidelines even if it does not include a force element.

The evolution of the language of § 2L1.2, as the Ninth Circuit discussed in *Asberry*, supports the conclusion that a violation of California Penal Code § 261.5(d) constitutes a "crime of violence" under the Sentencing Guidelines. *See Asberry*, 394 F.3d at 716.  In a 2003 amendment to the Application Notes, the Sentencing Commission clarified the meaning of the term "crime of violence," listing specifically "'forcible sex offenses, statutory rape, [and] sexual abuse of a minor.'" *See Asberry*, 394 F.3d at 716 (quoting U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.1(B)(iii) (2003)).  The Commission reasoned that the "'previous definition often led to confusion over whether the specified offenses listed in that definition, particularly 'sexual abuse of a minor'" also had to include as an element of the offense the use or attempted use of force. *Id.* (citing U.S. Sentencing Guidelines Manual, app. C, amend. 658, Reason for Amendment, 397-402 (2003)).  The Commission further explained that the amended definition "makes clear that the enumerated offenses are always classified as 'crimes of violence,' regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S. Sentencing Guidelines Manual, app. C, amend. 658, Reason for Amendment, 397-402 (2003).

5

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Thus in *Granbois*, relying on *Pereira-Salmeron*, the Ninth Circuit held that violation of a federal statute making it a crime for a person to engage in sexual contact with a minor fell within the category of "sexual abuse of a minor" under § 2L1.2 and thereby constituted a "crime of violence" under the Sentencing Guidelines. *Granbois*, 376 F.3d at 996. Similarly, in the *Asberry* case, the court held that a conviction for "rape in the third degree" under an Oregon statute making it a crime for a perpetrator "more than three years older than his or her victim to have intercourse with a person less than sixteen years of age" also qualified as a "crime of violence" under § 4B1.2 of the Sentencing Guidelines. *Asberry*, 394 F.3d at 715-16 (citing *Granbois*, 376 F.3d at 996-96); *see also United States v. Gomez-Hernandez*, 300 F.3d 974, 978-79 (8th Cir. 2002) (holding that violation of California Penal Code § 261.5(d) is a crime of violence under § 2L1.2 on the theory that Application Note 1(b)(ii)(II) specifically enumerates sexual abuse of a minor as a crime of violence, and any conviction for a crime enumerated in subpart (II) is a per se crime of violence).

Sanchez-Lugo's case is materially indistinguishable from *Pereira-Salmeron, Granbois,* and *Asberry*. Sanchez-Lugo was convicted of having sexual intercourse with a minor, which under the rationale of those cases qualifies as sexual abuse of a minor, a crime specifically enumerated in § 2L1.2 as a per se crime of violence.

Finally, the Court concludes that the Ninth Circuit's holding in *Valencia v. Gonzales* does not support Sanchez-Lugo's position. In *Valencia*, the Ninth Circuit considered whether a violation of § 261.5(c) constitutes a "crime of violence" under 8 U.S.C. § 1101(a)(43)(F), as defined in 8 U.S.C. § 16(b). 431 F.3d 673, 675 (9th Cir. 2005). Unlike § 2L1.2, 8 U.S.C. § 16(b) does not clearly enumerate which crimes constitute "crime[s] of violence;" rather, § 16(b) defines "crime of violence" generally as an offense involving physical force or a substantial risk of physical force. *Id.* at 676. Applying the categorical approach in *Taylor*, the court in *Valencia* held that engaging in sexual intercourse with a minor does not fall within the definition of crime of violence in § 16(b) because, absent aggravating factors, the crime does not involve a substantial risk that physical force may be used in the course of committing the offense. *Id*. at 678. Unlike § 16(b), however, § 2L1.2 specifically enumerates certain crimes

6

that constitute crimes of violence, including "sexual abuse of a minor" and "statutory rape."

U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.1(B)(iii) (2004).  Therefore, the holding in

*Valencia* does not conflict with this Court's finding that a conviction under Penal Code

§ 261.5(d) constitutes a "crime of violence."

Under *Pereira-Salmeron, Granbois,* and *Asberry*, and as clarified in the 2003

amendment to the Application Notes, the violation of California Penal Code § 261.5(d) falls

within the category of "sexual abuse of a minor" under § 2L1.2.  Therefore, Sanchez-Lugo's

crime constitutes a per se crime of violence under § 2L1.2, even though force is not an essential

element of the crime.  As a result, Sanchez-Lugo cannot establish that the result would have

been different even if his counsel had argued against the sixteen-point enhancement.

### B.     Sanchez-Lugo's Sentence Was Properly Calculated.

As discussed in Section A, the United States Sentencing Guidelines provide for a

sixteen-point enhancement if the defendant was previously deported or unlawfully remained in

the United States after a conviction for a felony that is a crime of violence.  U.S. Sentencing

Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2004).  The Application Notes to § 2L1.2 provide that

a conviction taken into account for enhancement purposes "is not excluded from consideration

of whether that conviction receives criminal history points pursuant to Chapter Four, Part A."

U.S. Sentencing Guidelines Manual § 2L1.2 cmt n.6 (2004).

In *United States v. Luna-Herrera*, a sixteen-point increase was applied to the defendant's

base offense level because of a prior aggravated felony conviction pursuant to § 2L1.2.  149

F.3d 1054, 1055 (9th Cir. 1998)  The defendant's criminal history also included points for the

aggravated felony conviction.  *Id.*  The court upheld such double-counting of the felony

conviction.  *Id.*  According to the court, the Application Note made clear that the crime serving

as the basis for a sixteen-point enhancement may also be used in calculation of the defendant's

criminal history score.  *Id.*  Therefore, as in *Luna-Herrera*, this Court properly used Sanchez-

Lugo's prior conviction as a basis for a sixteen-point enhancement and to calculate Sanchez-

Lugo's criminal history score.  Sanchez-Lugo thereby fails to satisfy the prejudice prong of the

*Strickland* test because the outcome would not have been different.

7

**United States District Court**

For the Northern District of California

**C.    Sanchez-Lugo Fails to Establish that His Sentence Would Have Been Different Had Counsel Argued for a Reduced Sentence Considering the Factors Set Forth in 18 U.S.C. § 3553(a).**

Sanchez-Lugo contends that his counsel provided ineffective assistance by failing to argue for a reduced sentence considering the factors set forth in 18 U.S.C. § 3553(a).  Although the Sentencing Guidelines are now advisory, a court must take account of the Guidelines together with the other sentencing factors set forth in 18 U.S.C. § 3553.  *Booker*, 125 S.Ct. at 764-65; *see also Cantrell*, 2006 WL 73483, at *6-7 .  Here, the Court imposed a sentence within the Guidelines range and considered the factors set forth in § 3553(a) in imposing that sentence.

Pursuant to 18 U.S.C. § 3553(a), a court, in determining the particular sentence imposed, "shall consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . ; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense . . . ; (5) any pertinent policy statement . . . ; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct and; (7) the need to provide restitution to any victims of the offense.

A review of the record and the Presentence Report demonstrates that this Court did consider the factors set forth in 18 U.S.C. § 3553(a).  Part C of the Presentence Report details Sanchez-Lugo's personal and family background, his physical condition, his mental and emotional health, any substance abuse, his educational, vocational, and special skills, his employment record, and his financial condition.  (Presentence Report, ¶ 40-50.)  In addition, the Presentence Report outlines the details of Sanchez-Lugo's prior criminal convictions.  *Id.* at 23-29.  The Presentence Report also recorded Sanchez-Lugo's statement "I know I've made mistakes and committed crimes.  I was younger and I didn't think like I do now." *Id.* at 9.  Finally, the Court considered the many character references letters submitted on Sanchez-Lugo's behalf enclosed in Sanchez-Lugo's Sentencing Statement filed on January 31, 2005.  The Court concluded that a 57-month sentence was appropriate.  Therefore, even if Sanchez-Lugo's counsel was deficient in not arguing for a sentence reduction based on mitigating factors, Sanchez-Lugo cannot show that his sentence would have been further reduced by this Court had

counsel argued for such a reduction.  Sanchez-Lugo fails to satisfy the prejudice prong of the *Strickland* test.

## CONCLUSION

For the foregoing reasons, the Court DENIES Sanchez-Lugo's motion to vacate his sentence.

**IT IS SO ORDERED.**

Dated:  February 21, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**

For the Northern District of California

9